UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

STEWART E. ALLEN                                       Docket No.: 08 CV 02405(JES)

                **Plaintiff,**                         Filed: March 10 , 2008

   -against-                                                **Complaint**

                                                                            Judge Sprizzo

JET ONE JETS, INC.
                **Defendant.**
------------------------------------------------------------------------X

      Plaintiff, **STEWART E. ALLEN**, by his attorneys, Hauser & Associates, PC, for his complaint alleges as follows:

The Parties

    1. Plaintiff **STEWART E. ALLEN** is a citizen of Canada and a resident of Toronto, Ontario, Canada.

    2. Upon information and belief, defendant **JET ONE JETS, INC**. ("Jet 1") is a corporation organized under the laws of the State of Delaware with its principal place of business at 135 Crossways Park Drive, Woodbury, County of Nassau, State of New York.

Diversity of Citizenship

    3. Plaintiff claims Federal jurisdiction of this matter pursuant to 28 USC 1332, 1441. The plaintiff is a Canadian citizen and resides in Ontario, Canada and the defendant is a Delaware corporation with offices in Nassau County, State of New York. The amount demanded in the complaint is $82,250.00 which exceeds the $75,000.00 requirement for diversity

Jurisdiction.

### Venue

4. The Southern District is the venue specified in the contract. The contract states that any dispute disagreement or controversy arising out of the Charter Itinerary Agreement shall be resolved only in a court of competent jurisdiction embracing the City, County and State of New York.

### Substantive Allegations

5. On or about December 13, 2007 plaintiff and defendant entered into an agreement whereby plaintiff engaged Jet 1 to act as its broker to arrange for an aircraft charter, on February 16, 2008 between Toronto, Ontario and Liberia, Costa Rico and a return aircraft charter from Liberia, Costa Rico to Toronto, Ontario on February 23, 2008.

6. Pursuant to the agreement the cost of the Charter aircraft, a Challenger 601 was $82,250.00 for the round trip between Toronto, Ontario and Liberia, Costa Rico. As per the defendant's direction in order to reserve the aircraft, the plaintiff paid in advance the entire contract sum via a wire transfer, on or about December 13, 2008, in the sum of $82,250.00 the full cost of the charter flight and the return flight.

7. Subsequent to the wire transfer payment, plaintiff received an E-Mail dated January 18, 2008 from Joel Valvarde an account executive at Jet 1 addressed to Elaine Bradley, Mr. Allen's assistant. This E-Mail stated that the aircraft reserved per the charter agreement had been

pulled for maintenance and was therefore unavailable, but that Jet 1 was able to reserve the same model for the round trip charter, however it would cost an additional $11,500.00. Mr. Valvarde attached a replacement contract and a revised quote of $93,750.00. Mr. Valvarde also stated in this E-Mail that if Mr. Allen wanted a refund he should make that request in writing and it would be wired back into his account.

8. On January 25, 2008, Elaine Bradley on behalf of Mr. Allen sent an E-Mail to Mr. Valvarde stating and confirming that Mr. Allen did not want to enter another agreement with Jet 1, that the original contract for $82,250.00 that could not be fulfilled was deemed cancelled due to Jet 1's inability to perform and that the refund should be immediately wired into Mr. Allen's account.

9. On January 28, 2008 Louis Ottimo a principal of Jet One contacted Elaine Bradley and informed her that Joel Valverde was no longer employed by Jet 1. He stated that Jet 1 could charter an aircraft for the trip to Costa Rico and the return to Toronto, Ontario at the original quote of $82,250.00.

10. Elaine Bradley explained that Mr. Allen did not want to enter into any other contracts with Jet 1 and that the refund of $82,250.00 should be forwarded to Mr. Allen's bank as per the instructions contained in her January 25, 2008 E-Mail.

First Cause of Action

11. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 10 as if fully set forth herein.

12. The defendant, Jet 1 has breached the agreement in that it was unable to fulfill the contract and supply the aircraft as per its contract for the agreed upon sum of $82,250.00.

13. The plaintiff has fully performed all of its covenants and agreements as per the contract including tendering in advance the sum of $82,250.00.

14. The return of the full payment of $82,250.00 has been duly demanded by the plaintiff, but Jet 1 refuses to return the monies to the plaintiff.

15. As a result of the defendant's breach of contract , the plaintiff has been damaged in the sum of $82,250.00 plus interest from January 25, 2008.

Second Cause of Action

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. The plaintiff as per the contract timely cancelled the contract on January 25, 2008,

more than 48 hours prior to the charter flight, scheduled for February 16, 2008, and therefore as per the contract is entitled to a full refund of $82,250.00.

18. The sum of $82,250.00 has been demanded and the contract has been properly canceled yet the refund of $82,250.00 has not been forthcoming.

19. The plaintiff has been damaged in the sum of $82,250.00 plus interest from January 25, 2008.

WHEREFORE, plaintiff Stewart E. Allen demands judgment against the defendant Jet One Jets, Inc. in the sum of $82,250.00 in the alternative in the First and/or Second causes of action, together with interest from January 25, 2008 and the costs, disbursements and attorneys fees in this action, and for such other further relief as this Court deems just and proper.

Dated: New York, New York
       March 7, 2008

                                                     Yours, etc.

                                                     HAUSER & ASSOCIATES, PC

                                                     S/ Seth A. Hauser

                                                     Seth A. Hauser, Esq. (SAH- 4068)
                                                     Attorney for the Plaintiff
                                                     591 Broadway. Suite 3A
                                                     New York, New York 10012
                                                     (212)966-5253